# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FAYVERLETTA COHEN,**

       **Plaintiff,**

**-vs-**                                                                    **Case No. 6:13-cv-1854-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became unable to work on July 1, 2009 (R. 36, 165). The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 33-51). The Appeals Council declined to grant review (R. 1-7), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to breast cancer residuals (fatigue, pain, weakness), depression, lymphedema in the left arm with weakness and limited range of motion, and numbness in the left leg and foot (R. 188).

*Summary of Evidence Before the ALJ*

Plaintiff was fifty-seven years old as of the alleged onset date, with a high school education and past relevant work as an electronics assembler (R. 47, 165, 189).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairments of status/post breast cancer; history of lymphedema; depressive disorder; and anxiety disorder (20 CFR 404.1520(c)) (R. 38); and the record supports this uncontested finding. The ALJ determined that through the date of the decision (May 24, 2012), the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 39-40). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) except she can only occasionally climb ladders, ropes or scaffolds; should avoid concentrated exposure to temperature extremes and hazards; can only occasionally reach overhead with the non-dominant left upper extremity; and can carry out simple instructions and perform simple, routine tasks involving little independent decision-making and few workplace changes.

(R. 40).

The ALJ determined that Plaintiff could return to her past relevant work as an electronics assembler (R. 47), and therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues for review, contending: 1) the ALJ erred in formulating the RFC as the ALJ failed to adequately consider the opinion of the treating physician "by failing to obtain all the pertinent medical evidence," and in not accounting for all the limitations as determined by the state agency physician; 2) the ALJ improperly relied on the testimony of the Vocational Expert after posing a hypothetical question that did not adequately reflect the limitations of the claimant; and 3) the ALJ erred in failing to adequately evaluate Plaintiff's credibility. The Court examines these objections in the context of the sequential evaluation applied by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ resolved the application at Step 4. Thus, at all times, Plaintiff had the burden.

*The duty to develop the record*

Plaintiff's first objection is that the ALJ failed to develop the record with respect to the treatment notes of Plaintiff's family practitioner. As Plaintiff puts it:

> [T]he treating physician, Dr. Sadek, offered two opinions regarding the limitations of the claimant, one in February 2011 and the other in May 2011, but the ALJ noted that he found these opinions to be "generally inconsistent when contrasted with the remainder of the longitudinal evidence" and, therefore, gave them "limited weight." (Transcript 45). The ALJ notes that Dr. Sadek's assessment is inconsistent with other evidence from other treating sources, such as the claimant's oncologist, but notes that "despite given the opportunity to provide supporting treatment records subsequent to the hearing, no such records were produced by the claimant for the period following September 2010" from Dr. Sadek. (*Id.*). Additionally, even at the hearing the ALJ indicates that records are missing from Dr. Sadek and that he is "concerned" with these missing records, and indicated that those missing records are "important."

> (Transcript 58). The ALJ additionally indicated that "we seem to be missing a considerable amount of records." (Transcript 60). Thus, the ALJ admits that he did not have all the pertinent evidence from the claimant's treating physician, so it is difficult to ascertain how he could determine that the treating physician's opinion was not consistent with the record.

(Plaintiff's brief, p. 13). Plaintiff contends that the ALJ should have obtained this evidence prior to making the RFC determination, as the missing evidence was "critical" to determining whether Dr. Sadek's opinion was supported by the record.

The Court agrees that the ALJ must consider all evidence presented. Plaintiff is mistaken, however, in concluding that it is the ALJ's duty to present it. The ALJ has the basic obligation to develop a full and fair record, even when, as here, a claimant is represented by counsel (R. 55). *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This includes the responsibility to develop a claimant's medical history for the 12 months preceding the month in which the application was filed. *See* 20 C.F.R. §404.1512(d). That said, the ALJ is not required to act as counsel to develop a claimant's case. *Foreman v. Astrue*, No. 8:09cv932-T-24AEP; 2010 WL 3292810, at *5 (M.D. Fla. Aug. 3, 2010) (*citing Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982). It is Plaintiff's burden to prove that she is disabled, and, consequently, she is responsible for producing evidence in support of her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

At the administrative hearing, the ALJ noted his concern that the record did not include many post-application treatment records from Dr. Sadek, in that the last treatment records were from September 2010 (R. 56). The ALJ and Plaintiff's counsel agreed that the ALJ would leave the record open for fourteen days to give Plaintiff's counsel the opportunity to submit any additional treatment records from Dr. Sadek (R. 58, 60-61). At the conclusion of the hearing, the ALJ reminded counsel:

> ALJ: All right. Counsel, just to recap: I'm going to leave the record open 14 days to give you a chance to get me those records from Dr. Saddick [sic] and from --
> ATTY: Hokum.

-5-

> ALJ: -- her -- right. Dr. Hokum and then to the extent that we may be any missing any records, if there are any -- it doesn't sound like there are -- from Lakeside Behavioral. If that then those as well.

(R. 94).

After the hearing, Plaintiff tendered (and the ALJ reviewed) an additional copy of Dr. Sadek's February 2011 opinion (R. 51, 451-453) but did not submit any "missing" treatment records.[1] Contrary to Plaintiff's contention, it was her responsibility, not the ALJ's, to re-contact her doctor to obtain any further records. *See* 20 C.F.R. § 404.1512(c).[2] No error for failing to develop the record is shown.

Having concluded that the record is as complete as Plaintiff chose to make it, the Court turns to whether the ALJ's analysis of Dr. Sadek's opinion is in accordance with proper legal standards and is supported by substantial evidence.

### *Weighing the Opinions of Treating Physicians*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir.

---

[1] Indeed, there is nothing to indicate that the records, in fact, exist. Additional records tendered to the Appeals Council are from March 2012 on (Exhibits 21F and 22F).

[2] "Your responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim."

1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).  When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d).

As reflected in the ALJ's discussion of the evidence, Dr. Sadek was Plaintiff's primary care physician, and the record includes treatment notes from May 2009 through September 2010, primarily for breast cancer and related problems with chest pain and lymphedema (R. 42, 45, 238-250, 373). Dr. Sadek submitted an opinion in February 2011, indicating Plaintiff experienced severe fatigue that was aggravated by her depression, exhibited side effects of nausea, dizziness, and body aches due to chemotherapy and radiotherapy, and was not capable of dealing with stress in a job (R. 45, 451-53). Dr. Sadek opined that Plaintiff would need to rest about half the day due to her medical problems and

-7-

would be absent from work more than four days per month (R. 409). Dr. Sadek submitted a second opinion in May 2011, indicating Plaintiff had lymphedema of her left arm that resulted in only 30 percent range of motion and affected her ability to work, and had plantar fasciitis that caused pain after sitting and affected her ability to walk (R. 45, 406-07).

Consistent with the appropriate standard, the ALJ acknowledged these opinions, but found good cause not to give them substantial weight, finding the opinions to be inconsistent with the longitudinal evidence of record (R. 45). The ALJ specified that evidence in detail, noting the milder findings and opinions of Plaintiff's treating oncologist and subsequent family practitioner (R. 45-46). As the ALJ's discounting of Dr. Sadek's opinion is supported by the substantial evidence cited, the ALJ's finding should not be disturbed.

Plaintiff also objects that the RFC finding is not consistent with a finding by the state agency physician that indicated that Plaintiff was limited in all directions with the left upper extremity (R. 378). This contention is without merit. As the ALJ discussed, Dr. Molis reviewed the available record evidence in November 2010 and opined Plaintiff could do light work but could only occasionally climb ladders, ropes, or scaffolds, and only frequently reach in all directions with the left upper extremity due to limitations in range of motion in Plaintiff's left shoulder (R. 45, 376-78). The ALJ found Dr. Molis's opinion was "largely" consistent with the overall record, but gave it limited weight, as "the evidence presented at the hearing level justifies greater limitations than those assessed by Dr. Molis" (R. 45-46).

As the Commissioner notes in her brief, Plaintiff testified that she had problems lifting her arm over her head (R. 75-76). Consistent with this testimony, the ALJ found Plaintiff to be capable of a reduced range of sedentary, not light, work and assessed more specific reaching limitations than what Dr. Molis assessed, limiting Plaintiff to only occasional overhead reaching with the left upper extremity (R. 40, 378). As the more specific testimony supports this RFC finding and substantial

-8-

evidence supports the decision to give limited weight to the state agency opinion to the extent it is contrary to the RFC, no error is shown.[3]

*Vocational Expert*

Plaintiff next contends that the ALJ erred in that the ALJ posed a hypothetical question to the VE that did not adequately reflect the limitations of the claimant. Plaintiff argues that the hypothetical does not accurately account for the claimant's limitations outlined by the state agency physician, Dr. Molis, who opined that the claimant was limited in reaching in all directions with the left upper extremity, and:

> Additionally, the ALJ held that Ms. Cohen was had a "moderate" limitation with regard to concentration, persistence or pace. (Transcript 39). However, it is not clear that the hypothetical actually accounts this limitation. It is not clear if the limitation to "simple, routine tasks" would account for all of the mental limitations of the claimant.

(Brief, p. 16).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Sec.,* 363 F. 3d 1155, 1161 (11th Cir. 2004). As noted above, the ALJ did not find that Plaintiff was limited in reaching in all directions.

As for the finding that Plaintiff was moderately limited with regard to concentration, persistence or pace, the Eleventh Circuit has held that an ALJ's hypothetical question must take into account the ALJ's step two finding that a claimant has moderate limitations in maintaining concentration, persistence, and pace, unless the ALJ indicates that the medical evidence suggests that

---

[3]Indeed, the state agency physician found Plaintiff to be capable of light work. Thus, if the ALJ fully credited the opinion, it would not aid Plaintiff here.

the claimant's ability to work is unaffected by the limitation or the ALJ's question implicitly accounts for the limitation. *See Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011). The Eleventh Circuit has more recently recognized that a hypothetical question could sufficiently account for a moderate limitation in concentration, persistence or pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite concentration deficiencies. *See Lee v. Commissioner of Social Security,* 551 Fed.Appx. 539, 541 (11th Cir. 2014); *Jarrett v. Commissioner of Social Security*, 422 Fed. Appx. 869, 872 (11th Cir. 2011); *Syed v. Commissioner of Social Security,* 441 Fed. Appx. 632, 635 (11th Cir. 2011); *Washington v. Commissioner of Social Security*, 503 Fed. Appx. 881, 883 (11th Cir. 2013); *Scott v. Commissioner of Social Security*, 495 Fed. Appx. 27 (11th Cir. 2012); *Jacobs v. Commissioner of Social Security,* 520 Fed. Appx. 948 (11th Cir. 2013).[4]

Here, the ALJ reviewed the medical evidence of Plaintiff's mental impairment and made a specific finding that: "The RFC's limitations to simple, routine tasks are adequate to address any limitations she may possess as a result of her depression and anxiety." (R. 46). This conclusion is well supported by the evidence cited. At hearing, the hypothetical presented to the VE mirrored the RFC (R. 40) complete with a limitation "to carrying out simple instructions and performing simple, routine tasks involving little independent decision making and few work place changes" (R. 89). Thus, the hypothetical questions posed to the VE accounted for all the credible limitations of record. The VE's testimony provided substantial evidence to support the ALJ's conclusion that Plaintiff could perform her past relevant work.

*Credibility*

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. The Court notes the consistency of these recent panel decisions interpreting *Winschel.*

In formulating the residual functional capacity at Steps 2-4, the ALJ evaluated Plaintiff's credibility, concluding that her "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the RFC (R. 41-42). Plaintiff claims error, characterizing the above as "boilerplate" language and contending that the ALJ "did not make accurate and specific findings as to the credibility of Plaintiff" (Brief, p. 19).

When a claimant attempts to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); *Mack v. Commissioner of Soc. Sec.,* 420 Fed.Appx. 881, 883 (11th Cir. 2011).

After considering a claimant's subjective complaints, the ALJ may reject them as not credible. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not

-11-

disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ articulated numerous findings to support the credibility conclusion. The ALJ detailed the medical evidence, pointing out objective evidence that did not support the alleged severity of the impairments, and throughly analyzed that evidence with respect to each alleged impairment (R. 42-46). The ALJ then explained:

> In conclusion, I find that though the medical evidence establishes that the claimant has severe impairments, the record does not support the severity of her allegations. Regarding the claimant's cancer, the evidence does substantiate that the claimant was diagnosed with breast cancer in July 2009, with subsequent lumpectomy, chemotherapy and radiation treatment. The evidence shows that the claimant's recovery was unremarkable, and that she tolerated this treatment well and has consistently tested negative for recurrence of cancer ever since. More so, the evidence points to the claimant being asymptomatic, and overall doing well, though she has complained of residual issues of fatigue. Regarding the claimant's lymphedema, the record reflects that she developed this condition following her chemotherapy and radiation treatment, and did exhibit some diminished range of motion and use of her left upper extremity. Further records, though, show that the claimant's condition improved significantly. Notes from Dr. Flores, in particular demonstrate that by mid 2011, the claimant exhibited few restrictions regarding her left upper extremity, despite the more severe allegations referenced by Dr. Sadek. By October 2011, when the claimant began receiving services at Community Health, Dr. Yared noted that the claimant had a history of lymphedema, but did not assess her with any current limitations, or indicate the need for additional medical treatment for the condition.
>
> As such, the RFC, which limits the claimant to sedentary work, with limited climbing and overhead reaching, is sufficient to address any limitations the claimant may still possess with respect to her lymphedema, and complaints of chronic fatigue.
>
> Concerning her mental impairments, the evidence points to the claimant developing depression and anxiety disorders secondary to her cancer diagnosis and consequent treatment. Dr. Flores referenced that the claimant's depression may have had an effect upon her complaints of fatigue. Nonetheless, the claimant's treatment for depression and anxiety has been sparse, limited primarily to medication and occasional counseling services. Regarding the claimant's medication, the evidence signifies that she eventually showed good response to psychotropic medication, after early issues with noncompliance. Indeed, the claimant did not again complain of worsening mood symptoms until late 2011, when she had been off medication for several months. At the disability hearing, the claimant testified to receiving counseling services with her pastor. The RFC's limitations to simple, routine tasks are adequate to address any limitations she may possess as a result of her depression and anxiety.

(R. 46).

As the ALJ did, in fact, make specific credibility findings and the articulated grounds are supported by the record evidence cited by the ALJ, no error is shown.

A final note is in order.  The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, the decision should be affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.**  The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record